## BALLARD v. BALLARD.

No. 8150—Opinion Filed July 10, 1917.

Rehearing Denied June 25, 1918.

(173 Pac. 524.)

### Divorce—Residence of Plaintiff—Evidence.

The evidence in this case examined, and

the same is held not sufficient to show an abandonment of the home or residence from the state of Oklahoma, and that the order of the court dismissing the plaintiff's cause of action for the reason that she was not a resident of Delaware county, state of Oklahoma, and had not been such for one year prior to the institution of this suit, was error.

(Syllabus by Hooker, C.)

Error from District Court, Delaware County; John H. Pitchford, Judge.

Suit by Mattie Ballard against George W. Ballard. From a judgment dismissing the petition, plaintiff appeals. Reversed, with directions to the trial court to take jurisdiction and to try the suit upon its merits.

J. G. Austin and A. V. Coppedge, for plaintiff in error.

Albert D. Bennett and Dennis H. Wilson, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error sued the defendant in error for divorce and alimony. At the conclusion of the evidence for the plaintiff in error the court dismissed her petition for the reason that in his judgment she was not a resident of Delaware county, nor the state of Oklahoma, and had not been such for one year next before the institution of this suit. The plaintiff in error has appealed from the judgment rendered against her, and the sole question for us to determine is whether the trial court committed error in dismissing the case for the reason stated.

The facts disclose that the parties here were married in 1899; they were at that time in very humble circumstances; they were both industrious, hard-working, and energetic in their efforts to accumulate. The plaintiff in error at the time of her marriage had one child by a former marriage, a boy under ten years of age, and it seems on account of the attitude of the defendant in error towards this boy the plaintiff in error doubled her efforts to earn and accumulate so that she could fulfill her duty towards her child and at the same time perform her entire duty towards her husband. For some years after their marriage they were tenants and cultivated the lands of others, but finally by joint efforts they were able to acquire some personal property, and eventually an allotment was made to the defendant in error upon which they moved, and by their united efforts improved the same so that it was habitable and they lived there, working early and late, and accumulated some property.

The mental condition of the defendant in error rendered it necessary for him to be confined for treatment in the asylum in 1910, where he remained for several years. It was thought that he was incurable, and the plaintiff in error, being unable to conduct the farm which they had formerly occupied as a home for a number of years, temporarily abandoned the same by leasing it to tenants, and moved across the state line for the purpose of earning a livelihood, and to take care of her expenses while her husband was thus confined in the asylum. The evidence, in our judgment, fails to show an abandonment of this homestead, or a surrender of her residence in Delaware county or the state of Oklahoma. Her absence therefrom was only temporary, made necessary on account of unfortunate conditions.

The judgment of the court here dismissing the plaintiff's petition for the reason that the evidence was insufficient to show that she was a resident of Delaware county, state of Oklahoma, at the time of the institution of her suit, and had not been such for one year next before the institution thereof, is contrary to the evidence and cannot be sustained.

After a careful consideration we are of the opinion that the evidence conclusively establishes that the absence from the home of the plaintiff in error was only temporary, rendered essential by conditions over which Providence alone controls.

This cause is therefore reversed, with directions to the trial court to take jurisdiction hereof and try the same upon its merits.

By the Court: It is so ordered.